

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES R HARTENBACH | Case Number:  10SL-CC02120 |
| Plaintiff/Petitioner:<br> ARC PRODUCTS LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES C OCHS<br>149 NORTH MERAMEC<br>SECOND FLOOR<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>PATRICK D KELLY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

*Service date – Sunday, June 13, 2010* (handwritten)

### Summons in Civil Case

The State of Missouri to:  PATRICK D KELLY
                  Alias:

11939 MANCHESTER RD
SAINT LOUIS, MO  63131

**COURT SEAL OF**

**ST. LOUIS COUNTY**

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

03-JUN-2010
Date

Further Information:
JDG

_____
Clerk

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                           Date                       Notary Public

---

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ | (____ miles @ $ ._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

---

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

2010 MAY 26  AM 7: 23

JOAN M. GILMER
CIRCUIT CLERK

| | | |
|---|---|---|
| ARC PRODUCTS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 10SL-CC 02720 |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| PATRICK D. KELLY, | ) | **JURY TRIAL DEMANDED** |
| Serve: Special Process Server | ) | |
| 11939 Manchester Rd. | ) | |
| St. Louis, MO 63131 | ) | |
| | ) | |
| Defendant. | ) | |

**14**

## PETITION FOR DAMAGES

COMES NOW Plaintiff ARC Products, L.L.C., by and through its attorneys, James C. Ochs and Stephen P. Dowil, of Ochs & Klein, Attorneys, P.C., and for its cause of action against Defendant, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

#### Parties.

1.      Plaintiff ARC Products, L.L.C. (hereinafter "Plaintiff") is a limited liability company registered in the State of Missouri and is organized and existing by virtue of the laws of the State of Missouri.  Plaintiff is engaged in the business of manufacturing and selling plastic transportation equipment, with its principal place of business in St. Louis County, Missouri.

2.    Defendant Patrick D. Kelly (hereinafter "Defendant") is a Missouri attorney who is a resident of St. Louis County, Missouri and works at the address shown hereinabove.

**Defendant's Representation of Plaintiff.**

3.    In 2004, Plaintiff approached and retained Defendant to patent its "Dead Sled", a product used by hunters to transport game, equipment, and firewood.  The Dead Sled is a large, long rigid plastic sled that wraps around its cargo with the use of webbing which can be pulled or carried by one or more people, a provisional application for a patent was filed with the United States Patent and Trademark Office (hereinafter "USPTO").

4.    In approximately April, 2005, Plaintiff retained Defendant to file for and obtain utility patents for its "Med Sled", a product used to transport and evacuate humans, as well as its "Dead Sled."  The Med Sled is similar to but distinguishable from the Dead Sled in construction and application.

5.    Plaintiff paid Defendant a $600.00 filing fee on April 19, 2005 and on April 26, 2005 paid $4,000.00 to Defendant for attorney's fees for the patent on the Dead Sled / Med Sled.

6.    Defendant, utilizing his skill, expertise, and knowledge in patent law, chose to combine the Med Sled and Dead Sled ideas into a single utility patent entitled Lightweight Plastic Sleds for Emergency Transport and Hauling of Loads to be filed with USPTO.

7.     On April 26, 2005, Plaintiff's officers and joint inventors of the products signed a Declaration, Power of Attorney and Petition to accompany their patent entitled Lightweight Plastic Sleds for Emergency Transport and Hauling of Loads, and appointed Defendant Patrick D. Kelly as their attorney to "prosecute this application and transact all business connected therewith in the United States Patent and Trademark Office."

8.     On May 6, 2005, Defendant filed the patent application for the combined Med Sled and Dead Sled products and $400.00 was paid to USPTO for filing fees.

9.     On June 17, 2005, USPTO issued its Notice of Missing Parts and Nonprovisional Application, stating that an additional $100.00 small entity fee is required for filing and this is "required to avoid abandonment."

10.    August 18, 2005 was the effective date of abandonment of the patent because Defendant did not respond to the Notice of Missing Parts letter from USPTO and the additional $100.00 was not paid.

11.    Over a year lapsed and on August 14, 2006, Defendant filed a Petition under 37 CFR 1.137(a) alleging unavoidable delay caused the failure to timely correct the deficiencies in the May 6, 2005 patent application and that he had received no notice of abandonment.

12.    On November 13, 2006, USPTO dismissed Defendant's Petition under 37 CFR 1.137(a), unavoidable delay, and gives Defendant the option to file a Petition under 37 CFR 1.137(b).

13.    On June 20, 2007, USPTO issued its Notice of Abandonment based on not receiving any response to the November 13, 2006 dismissal.

3

14.     In pleadings filed with USPTO, Defendant admits that he had actual knowledge of the Dead Sled application being abandoned pursuant to the USPTO Notice of Abandonment he received, that he examined Plaintiff's file in response to the notices, and the reason for his inaction as to the notice was that he believed the notice was in regards to the Dead Sled, that the Dead Sled was not selling well, and thus, it appeared to be his belief that it was not worthy of a patent and the application should go abandoned.

15.     In said pleadings, Defendant also admits that he should have had constructive knowledge of the Med Sled application being abandoned, but he was of the mistaken belief that only the Dead Sled application had been abandoned by USPTO when in fact, because both the Dead Sled and the Med Sled were filed in the same application, both had been abandoned.

16.     At no time did Defendant consult with Plaintiff in regards to abandoning the Dead Sled or Med Sled patents and Plaintiff did not instruct Defendant to abandon said patents.

17.     During this time, due to the delays caused by Defendant's unsuccessful attempts to patent Plaintiff's products, two competitors had seized upon Plaintiff's successful, but yet to be patented Med Sled idea and had been aggressively eroding Plaintiff's customer base, sales, and profits with their similar products.  In fact, Plaintiff first became aware of the problems with the patent by one of his competitors notifying him.

4

18.    During this time, Plaintiff repeatedly questioned Defendant regarding the status of the patent and Defendant continually responded that a "paperwork glitch" occurred and that he was working with USPTO to resolve it.

19.    On January 23, 2008, Defendant filed a Petition under 37 CFR 1.137(b), unintentional delay, and a filing fee of $770.00 was paid, said Petition was dismissed by USPTO on February 15, 2008 because there was no explanation included as to what the delay was from.

20.    On January 30, 2008, Plaintiff emailed Defendant stating it did not understand the "paperwork glitch" and demanded the Med Sled patent be expedited and for Defendant to do whatever he could to slow or stop the competitors.

21.    Defendant did not inform Plaintiff that the January 23, 2008 Petition had been dismissed by USPTO on February 15, 2008, and when Plaintiff inquired as to the status of the Petition by emails to Defendant on February 29, 2008 and March 3, 2008, Defendant responded by email to Plaintiff on March 3, 2008 that USPTO "asked me for more info on why the delay occurred.  I will submit that answer before the end of today." Defendant further stated "I will get the additional info filed by the end of today."

22.    In reply, on March 3, 2008, Plaintiff emailed his worries to Defendant, stating "Should I be concerned about success of getting this petition reinstated?"  In return, Defendant emailed Plaintiff on March 3, 2008 stating "No.  I just need to tell them what happened.  It was an honest mistake.  You didn't intend to drag it out and delay it, and neither did I."

5

23.   In reality, USPTO did not need "more information" and instead, the January 23, 2008 Petition had been already dismissed for Defendant giving no information.

24.   On March 7, 2008, Defendant forwarded to USPTO a Renewed Petition under 37 CFR 1.137(b), unintentional delay, along with another $770.00 filing fee, which was filed with USPTO on March 17, 2008, with the required explanation in which Defendant stated that the Dead Sled "had not been selling at substantial levels" and admits negligence in the handling of the patents and Plaintiff's file, that he is having problems with his file management procedures, and that several competitors are actively capitalizing on Defendant's vulnerable position.

25.   Defendant also used the March 7, 2008 Renewed Petition as a vehicle to respond to the Protest Under 37 CFR 1.291 by inserting a one and a half page personal attack on an attorney for the competitor by alleging that the attorney's protest filed on behalf of one of Plaintiff's competitors was "offensive, abusive, and a direct violation of his personal and professional duty of 'candor and good faith.'"

26.   Said Renewed Petition was dismissed by USPTO on May 13, 2008 because Defendant's explanation led to an inference that the delay was intentional because the application was not commercially viable and thus the delay was a deliberate course of action.

27.   Defendant did not inform Plaintiff of the May 13, 2008 dismissal until June 13, 2008, stating that Defendant never received USPTO's May 13, 2008 dismissal.

6

28.    By this time, Plaintiff had contacted another patent attorney to take over Plaintiff's patent application representation

29.    A Renewed Petition under 37 CFR 1.137(b) was filed on behalf of Plaintiff, with an accompanying amended declaration signed by Defendant on July 3, 2008 stating that the patent was not abandoned because of not being commercially viable, but instead, it had been his belief that the Dead Sled was not commercially successful and that is why he neglected the patent application, and that Plaintiff had never stated either Dead Sled or Med Sled were not commercially viable nor had Plaintiff expressed a desire to abandon the patent that combined both the Dead Sled and the Med Sled.

30.    In said declaration, Defendant stated the reason why he took no action in response to all of the notices he had received from USPTO was he believed he had filed two separate applications, one for the Dead Sled and one for the Med Sled, and that he believed the notices were in regards to the Dead Sled rather than the Med Sled, when in reality, they were in regards to both.

31.    Despite this, by Defendant's own admission, Plaintiff had not given him authority to ignore any of the notices and instead, on many occasions expressed its interest in continuing the Dead Sled / Med Sled application.

32.    On September 11, 2008, the Renewed Petition of July 3, 2008 was granted by USPTO on the basis that Defendant's new statement of unintentional delay in filing the January 15, 2008 Petition was acceptable and the application would be revived in that the $100.00 application examination fee that had not initially been paid three years prior and the petition fee of $770.00 had both been paid.

33.    This only served to revive the patent application and essentially place it in the same level of progress that occurred when it was filed in May, 2005.

34.    It was the unpaid $100.00 in the summer of 2005 and Defendant's ignoring and failure to adequately respond to USPTO notices that caused Plaintiff's patent application to be delayed over three years.

35.    Due to Defendant's negligence in handling the Dead Sled / Med Sled patent application and in order to expedite the application process for the Med Sled, Plaintiff has been forced to abandon the Dead Sled patent that was contained in the same application.

36.    Plaintiff's patent application remains pending.

**Venue.**

37.    All of the actions described herein took place in St. Louis County, Missouri, such that venue is proper in this Court.

### COUNT I - LEGAL MALPRACTICE

38.    Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

39.    An attorney-client relationship existed between Plaintiff and Defendant, thereby giving rise to Defendant's duty to use that degree of learning, skill and care that a reasonably competent lawyer would use in similar circumstances.   A failure to do so is negligence.    The relationship of Missouri attorneys to their clients is fiduciary in character, binding the attorneys to the highest degree of fidelity in good faith to their clients on account of the trust and confidence imposed.

8

40.     Defendant breached that duty by acts and omissions, specifically by failing

to use the proper skill and care and diligence in representation of Plaintiff, all as set out

elsewhere herein.

41.     Defendant's breach of duty proximately caused injury to the Plaintiff,

specifically the loss of business to competitors due to Plaintiff's invention not being

patented and the fact that Plaintiff had to dismiss its patent for the Deadsled in order to

expedite its patent and, furthermore, damages as a consequence of Defendant's actions

and omissions (as further explained below).

42.     Plaintiff sustained actual damages in excess of $25,000.00.   But for

Defendant's negligence, Plaintiff's patent would have resulted in a superior claim over its

competitors to Plaintiff's invention in plaintiff's favor regarding the Med Sled and Dead

Sled, and instead, due to Defendant's acts and omissions, Defendant's patent was

repeatedly dismissed and delayed, resulting in the following damages:

> (a)     Economic loss in the form of business and
>         profits lost to competitors.
>
> (b)     Attorney's fees and expenses paid to Defendant.
>
> (c)     Attorney's fees paid to Plaintiff's subsequent
>         patent attorney who was retained to remedy
>         Defendant's negligent acts and omissions and
>         remedy the patent problems.

43.     Defendant's actions as described herein have been willful, intentional, and

outrageous and warrant an award of punitive damages of $500,000.00, or five times the

net amount of the judgment for actual damages awarded Plaintiff against Defendants,

whichever is greater.

9

WHEREFORE, Plaintiff ARC Products, L.L.C. prays for judgment in its favor and against Defendant Patrick D. Kelly in such amounts as are fair and reasonable for ARC Products, L.L.C.'s out-of-pocket expenses and damages, for punitive damages, for its costs, and for such other and further relief as the Court may deem just and proper.

## COUNT II - FRAUDULENT MISREPRESENTATION

44.   Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

45.   False representations (all as set out hereinabove and incorporated herein as though fully set forth) were made as statements of existing and material facts, all as set out elsewhere herein.

46.   The representations were known to be false by Defendant, or were recklessly made without knowledge concerning them.

47.   The representations were intentionally made for the purpose of inducing another party to act upon them.

48.   Plaintiff had a right to rely upon the representations made, and said reliance resulted in Plaintiff's patent being delayed and the delay of Plaintiff retaining a replacement patent attorney for Defendant.

49.   Plaintiff sustained damage by relying upon them.

50.   Plaintiff sustained actual damages in excess of $25,000.00.   But for Defendant's negligence, Plaintiff's patent would have resulted in a superior claim over its competitors to Plaintiff's invention in plaintiff's favor regarding the Med Sled and Dead

10

Sled, and instead, due to Defendant's acts and omissions, Defendant's patent was repeatedly dismissed and delayed, resulting in the following damages:

    (a)    Economic loss in the form of business and profits lost to competitors.

    (b)    Attorney's fees and expenses paid to Defendant.

    (c)    Attorney's fees paid to Plaintiff's subsequent patent attorney who was retained to remedy Defendant's negligent acts and omissions and remedy the patent problems.

51.    Defendant's actions as described herein have been willful, intentional, and outrageous and warrant an award of punitive damages of $500,000.00, or five times the net amount of the judgment for actual damages awarded Plaintiff against Defendant, whichever is greater.

**WHEREFORE**, Plaintiff ARC Products, L.L.C. prays for judgment in its favor and against Defendant Patrick D. Kelly in such amounts as are fair and reasonable for ARC Products, L.L.C.'s out-of-pocket expenses and damages, for punitive damages, for its costs, and for such other and further relief as the Court may deem just and proper.

## COUNT III - NEGLIGENT MISREPRESENTATION

52.    Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

53.    Representations (all as set out hereinabove and incorporated herein as though fully set forth) were made as statements of existing and material facts, all as set out elsewhere herein.

11

54.   Because of Defendant's failure to exercise reasonable care, the representations were false.

55.   The representations were intentionally made for the purpose of inducing another party to act upon them.

56.   Plaintiff had a right to rely upon the representations made, and said reliance resulted in Plaintiff's patent being delayed and the delay of Plaintiff retaining a replacement patent attorney for Defendant.

57.   Plaintiff sustained damage by relying upon them.

58.   Plaintiff sustained actual damages in excess of $25,000.00.   But for Defendant's negligence, Plaintiff's patent would have resulted in a superior claim over its competitors to Plaintiff's invention in plaintiff's favor regarding the Med Sled and Dead Sled, and instead, due to Defendant's acts and omissions, Defendant's patent was repeatedly dismissed and delayed, resulting in the following damages:

      (a)    Economic loss in the form of business and
            profits lost to competitors.

      (b)    Attorney's fees and expenses paid to Defendant.

      (c)    Attorney's fees paid to Plaintiff's subsequent
            patent attorney who was retained to remedy
            Defendant's negligent acts and omissions and
            remedy the patent problems.

**WHEREFORE**, Plaintiff ARC Products, L.L.C. prays for judgment in its favor and against Defendant Patrick D. Kelly in such amounts as are fair and reasonable for ARC Products, L.L.C.'s out-of-pocket expenses and damages, for its costs, and for such other and further relief as the Court may deem just and proper.

## COUNT IV - BREACH OF FIDUCIARY DUTY

59.    Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

60.    Plaintiff placed a special confidence in Defendant who, in equity and good conscience, was bound to act in good faith and with due regard to the interest of Plaintiff.

61.    The aforementioned acts and omissions of Defendant breached their fiduciary duty to Plaintiff.

62.    Plaintiff and Defendant entered into a contractual relationship whereby Defendant promised to provide legal services to Plaintiff, specifically legal services include the proper skill and care and diligence in representation of Plaintiff.

63.    Defendant breached that duty by acts and omissions, specifically by failing to use the proper skill and care and diligence in representation of Plaintiff, all as set out elsewhere herein.

64.    Defendant's breach of duty proximately caused injury to the Plaintiff, specifically the dismissal and delay of Plaintiff's patent and, furthermore, damages as a consequence of Defendant's actions and omissions, as further explained below.

65.    Plaintiff sustained actual damages in excess of $25,000.00.    But for Defendant's negligence, Plaintiff's patent would have resulted in a superior claim over its competitors to Plaintiff's invention in plaintiff's favor regarding the Med Sled and Dead Sled, and instead, due to Defendant's acts and omissions, Defendant's patent was repeatedly dismissed and delayed, resulting in the following damages:

13

(a)     Economic loss in the form of business and
        profits lost to competitors.

(b)     Attorney's fees and expenses paid to Defendant.

(c)     Attorney's fees paid to Plaintiff's subsequent
        patent attorney who was retained to remedy
        Defendant's negligent acts and omissions and
        remedy the patent problems.

**WHEREFORE**, Plaintiff ARC Products, L.L.C. prays for judgment in its favor

and against Defendant Patrick D. Kelly in such amounts as are fair and reasonable for

ARC Products, L.L.C.'s out-of-pocket expenses and damages, for its costs, and for such

other and further relief as the Court may deem just and proper.

## COUNT V - BREACH OF CONTRACT

66.    Plaintiff incorporates by reference as if fully set forth herein, each and

every allegation contained in all paragraphs and subparagraphs hereinabove.

67.    Plaintiff and Defendant entered into a contractual relationship whereby

Defendant promised to provide legal services to Plaintiff in exchange for attorney's fees.

68.    Defendant breached that duty by acts and omissions set out hereinabove,

specifically by not providing legal services as promised.

69.    Defendant breached that duty by acts and omissions, specifically by failing

to use the proper skill and care and diligence in representation of Plaintiff, all as set out

elsewhere herein.

70.    Defendant's breach of duty proximately caused injury to the Plaintiff,

specifically the dismissal and delay of Plaintiff's patent and, furthermore, damages as a

consequence of Defendant's actions and omissions, as further explained below.

14

71.    Plaintiff sustained actual damages in excess of $25,000.00.    But for

Defendant's negligence, Plaintiff's patent would have resulted in a superior claim over its

competitors to Plaintiff's invention in plaintiff's favor regarding the Med Sled and Dead

Sled, and instead, due to Defendant's acts and omissions, Defendant's patent was

repeatedly dismissed and delayed, resulting in the following damages:

     (a)    Economic loss in the form of business and
             profits lost to competitors.

     (b)    Attorney's fees and expenses paid to Defendant.

     (c)    Attorney's fees paid to Plaintiff's subsequent
             patent attorney who was retained to remedy
             Defendant's negligent acts and omissions and
             remedy the patent problems.

**WHEREFORE**, Plaintiff ARC Products, L.L.C. prays for judgment in its favor

and against Defendant Patrick D. Kelly in such amounts as are fair and reasonable for

ARC Products, L.L.C.'s out-of-pocket expenses and damages, for its costs, and for such

other and further relief as the Court may deem just and proper.

OCHS & KLEIN, ATTORNEYS, P.C.

By: _____

JAMES C. OCHS, #34436
STEPHEN P. DOWIL #58993
Attorneys for Plaintiff
149 N. Meramec, 2nd Floor
Clayton, MO 63105
Telephone: (314) 727-2111
Facsimile: (314) 727-2110

15