UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARC PRODUCTS, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10-CV-1248 (CEJ) ) |
| PATRICK D. KELLY, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand the action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed. Defendant has filed a response opposing plaintiff's motion and the issues are fully briefed.

**I.   Background**

This is an action for damages arising from the defendant's legal representation of the plaintiff in the prosecution of a patent application for two plastic transportation devices. Plaintiff alleges that defendant's negligence led to a determination by the U.S. Patent and Trademark Office that the application was abandoned. Plaintiff succeeded in having the application reinstated three years later. Plaintiff alleges that it was forced to abandon the application with respect to one of the devices (the "Dead Sled"), but has proceeded with the application as it pertains to the second device (the "Med Sled"). Plaintiff's patent application remains pending.

In the state court petition, plaintiff asserts claims of legal malpractice (Count I); fraudulent misrepresentation (Count II); negligent misrepresentation (Count III); breach of fiduciary duty (Count IV); and breach of contract (Count V). Defendant

removed the action to this Court based on 28 U.S.C. § 1338, which grants exclusive federal jurisdiction over claims involving issues of patent law.

In support of the motion for remand, plaintiff argues that its malpractice claim does not present a "case within a case" requiring the examination of patent law issues Instead, plaintiff argues, all of the claims asserted in the petition are based on defendant's inaction and misrepresentations during the prosecution of the patent application. In response, defendant argues that a determination of the issues in this case will require consideration of the viability of plaintiff's patent application in light of the existence of a previously-patented similar device. Defendant contends that the patent law issues in this case---*i.e.*, prior art and novelty of plaintiff's invention---predominate over the state law malpractice issues.

II. Discussion

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper federal district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied. Id.; Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc.

v. Williams, 482 U.S. 386, 392 (1987). Finally, consistent with the well pleaded complaint rule, counter-claims based upon federal law are insufficient to trigger federal jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc. 535 U.S. 826 (2002) (addressing patent law issues raised in counter-claims).

Where a state law claim involves patent law issues, exclusive federal jurisdiction exists if "federal patent law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1988). This test has been rephrased as determining whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

The elements of a legal malpractice claim under Missouri law are: (1) an attorney-client relationship between plaintiff and the defendant; (2) negligence or breach of contract by the defendant; (3) proximate causation; and (4) damages. Patterson v. Warten, Fisher, Lee & Brown, LLC, 260 S.W.3d 417, 419 (Mo. App. 2008). Essentially, plaintiff must show that, but for the attorney's misconduct, the outcome of the matter would have been different and that plaintiff sustained damages as a result. Id. In some instances, plaintiff must prove a "case within a case" to show damages and causation. Day Advertising Inc. v. Devries And Associates, P.C., 217 S.W.3d 362 (Mo. App. 2007).

Courts that have considered the question of whether a legal malpractice claim arising from the prosecution of a patent is subject to federal jurisdiction have come to differing conclusions. See Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281 (Fed. Cir 2007)(held that jurisdiction under § 1338 existed because determination of scope of patent claim was necessary element of legal malpractice claim); Genelink Biosciences, Inc. v. Colby, --- F.Supp.2d ----, 2010 WL 2681915 at *5 (D. N.J. 2010)(held that legal malpractice claim stemming from patent application did "not turn on substantial questions of federal law.") (also discussing other cases involving question of federal jurisdiction of legal malpractice claims arising from patent proceedings); Rockwood Retaining Walls, Inc. v. Patterson, Thuente, Skaar & Christensen, Slip Copy 2009 WL 5185770 at *7 (D. Minn. 2009)(held that federal jurisdiction existed because malpractice action "would require resolution of substantial questions of federal patent law.").

The Court is persuaded by the analysis in the Genelink decision. Initially, the Court notes that the allegations in this case are remarkably similar to those in Genelink---both cases contain the allegation that missed deadlines by the attorney led to a patent application being deemed abandoned by the Patent and Trademark Office, and allegations of misrepresentation and breach of contract. Also, in this case as in Genelink, no patent has been issued to plaintiff. The Court agrees that "whether and why defendant[] missed deadlines in the application process does not raise important issues of federal patent law or require the interpretation of patent law." Genelink, 2010 WL 2681915 at *5. Also, because no patent has issued there are no patent rights at stake. A determination of the patentability of an invention in the context of a legal malpractice action does not have the same effect of such a determination made in the context of an infringement action. Thus, resolution of such issues as prior art or

novelty of the invention in a case like this would not be controlling in other (patent) cases. Further, "[t]he establishment of the invention's patentability only serves to prove the elements of proximate causation and damages to support plaintiff's legal malpractice claim, and not to prove its actual patentability." Id. at * 6. As such, no issues of patent law are implicated by the determination of patentability of plaintiff's inventions.

### III. Conclusion

For the reasons discussed above, the Court finds that plaintiff's claims do not "arise under" federal patent law and they do not depend on resolution of any substantial question of federal patent law. Therefore, the Court concludes that there is no federal jurisdiction, and the case must be remanded to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #4] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2010.